IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:02CR00136 |
| | Case No. 1:04MJ00014 |
| v. | **OPINION AND ORDER** |
| HERBERT G. EVANS, JR., | By: James P. Jones |
| | Chief United States District Judge |
| Defendant. | |

*Randy Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for United States of America; Monroe Jamison, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant Herbert G. Evans, Jr., is charged with forcibly interfering with a United States Department of Agriculture employee and threatening to murder a magistrate judge. Evans suffers from paranoid schizophrenia and is incompetent to stand trial. The court granted the motion of the government that Evans be involuntarily medicated in an effort to resort him to competency. *United States v. Evans*, 427 F. Supp. 2d 696, 706-07 (W.D. Va. 2006). Evans appealed and this court stayed its order until the disposition of the appeal. Thereafter, the Fourth Circuit affirmed. *United States v. Evans*, No. 06-4480, 2006 WL 2604843 (4th Cir. Sept. 12, 2006) (unpublished).

On October 3, 2006, Evans filed a motion in each case requesting this court to

extend the stay previously entered, pending his anticipated application for certiorari with the Supreme Court. On October 4, 2006, the court of appeals issued its mandate. The docket of the court of appeals does not indicate that Evans applied to the court of appeals for a stay of its mandate. *See* Fed. R. App. P. 41(d)(2).

There is a question as to whether this court has the authority under the circumstances to stay the case pending certiorari. *See United States v. Lentz*, 352 F. Supp. 2d 718, 725-26 (E.D. Va. 2005) (holding that district court had no authority to stay criminal trial pending application for certiorari where court of appeals had remanded case for trial). Assuming, however, that this court does have such authority, I find that adequate grounds for a stay have not been shown.

In considering a certiorari stay following an adverse decision by a court of appeals, the "inquiry must center on whether the applicant will suffer irreparable injury and whether the applicant has a reasonable probability of succeeding on the merits." *United States v. Holland*, 1 F.3d 454, 456 (7th Cir. 1993)(chambers opinion, Ripple, J.). Even if irreparable harm is shown, a stay pending a petition for certiorari is not justified where there is not a reasonable probability that the Supreme Court would grant the petition and the applicant would ultimately prevail on the merits. *See Planned Parenthood of Se. Pa. v. Casey*, 510 U.S. 1309, 1310-11 (Souter, Circuit Justice 1994).

-2-

Case 1:04-mj-00014-JPJ   Document 73   Filed 10/09/06   Page 2 of 3   Pageid#: 180

Evans has not stated the grounds of his anticipated petition for certiorari. The unpublished decision of the court of appeals simply found that the factual findings by this court were not clearly erroneous. There is no indication that the issues in the case justify any optimism by the applicant that the Supreme Court would grant certiorari and ultimately rule in his favor on the merits.

On the other hand, there are substantial reasons for not granting a stay in these cases. The charges against the defendant have been pending for several years without resolution, primarily because of the issues surrounding Evans' competency. The government's ability to prosecute him may be harmed by the further passage of time. The public interest in a prompt resolution of these criminal charges is not supported by further delay.

For these reasons, it is **ORDERED** that the Motion to Extend Stay in each case is DENIED.

ENTER: October 9, 2006

/s/ JAMES P. JONES
Chief United States District Judge